# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1921V**

| | |
|---|---|
| PORCHIA ALLEN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 9, 2026 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 21, 2024, Porchia Allen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 16, 2023. Petition at 1. On March 5, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 28.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,503.53 (representing $38,214.40 in fees plus $1,289.13 in costs). Motion for Attorneys' Fees (Motion") filed March 23, 2026, ECF No. 32. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. *Id.* at 2.

Respondent reacted to the Fees Motion on April 2, 2026, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 33. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants (as here). Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2026 by the attorneys in question are reasonable and consistent with our prior determinations and will therefore be awarded herein.

The time devoted to the matter was also mostly reasonable, with one exception. Attorney Nathan Marchese billed 1.90 hours in this matter at his regular rate of $410.00 for 2024, and 0.50 hrs at the regular rate of $445.00 for 2025, on work more properly categorized as paralegal tasks.[3] Such work must be billed at non-attorney rates, due to the nature of the task performed. It is well established in the Program that "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Accordingly, I hereby reduce the attorney's hourly rates to that of the paralegal rates of $197.00 per hour for 2024 and $212.00 for 2025 on such tasks more properly categorized as paralegal work. **Application of the foregoing reduces the amount of fees to be awarded <u>$521.20.</u>**[4]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 32-4. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's

---

[3] Entries considered paralegal in nature include online research for contact information, drafting exhibit lists, provider lists, cover sheets and exhibit lists. See entries dated 04/15/2024, 04/16/2024, 11/15/2024, 11/21/2024, 12/10/2024, 01/21/2025, and 01/28/2025. ECF No. 32-2 at 6, 7, 9, 10, 16, 17.

[4] This amount is calculated as follows: ($410 - $197 = $213 x 1.90 hrs = $404.70) + ($445 - $212 = $233 x 0.50 hrs = $116.50) = $521.20.

Motion for attorney's fees and costs. **Petitioner is awarded fees and costs in the total amount of $38,982.33 (representing $37,693.20 in fees plus $1,289.13 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.